TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Leslie Belsanti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Belsanti, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation; Trans Union, LLC, a Delaware limited liability company, Capital One Bank, USA, NA, a National Association; and Chase Bank USA, NA, a National Association, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, LESLIE BELSANTI, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Flagstaff, Coconino County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   c. Capital One Bank, USA, NA ("Capital One"), which is a national association that maintains offices in Virginia; and

d. Chase Bank USA, N.A. ("Chase") which is a national association that maintains its registered agent in Delaware.

## **GENERAL ALLEGATIONS**

6. Chase is reporting the following trade lines on Mrs. Belsanti's Equifax credit file with multiple charge offs:

    a. 51874835****;

    b. 54016830****;

    c. 43122810****; and

    d. 42463151****.

7. Chase is also reporting the following trade lines on Mrs. Belsanti's Trans Union credit file with multiple charge offs:

    a. 51874835****;

    b.  54016830****;

    c. 43122810****;

    d. 44171297****; and

    e. 42463151****.

8. Finally, Capital one is reporting its trade line with account number 41150724**** on Mrs. Belsanti's Equifax credit file with multiple charge offs.

9. The above trade lines are hereinafter referred to as "Errant Trade Lines."

3

10. These multiple charge offs convey to any user or prospective of Plaintiff's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

11. On or about October 20, 2015, Mrs. Belsanti obtained her Equifax and Trans Union credit files and noticed that the Errant Trade Lines were reported with multiple charge offs.

12. On or about November 17, 2015, Mrs. Belsanti, submitted a letter to Equifax and Trans Union disputing the multiple charge offs on the Errant Trade Lines.

13. Upon information and belief, Defendants Equifax and Trans Union forwarded Mrs. Belsanti's dispute to Defendants Chase and Capital One.

14. On or about December 11, 2015, Mrs. Belsanti received Equifax's investigation results which showed that Chase retained the multiple charge offs on its Errant Trade Lines with account numbers 51874835****, 54016830****, 43122810****, and 42463151****. Further, this showed that Capital One retained the multiple charge offs on its Errant Trade Line with account number 41150724****.

15. On or about December 12, 2015, Mrs. Belsanti received Trans Union's investigation results which showed that Chase retained the multiple charge offs

4

on its Errant Trade Lines with account numbers 51874835****, 54016830****, 43122810****, and 44171297**** and 42463151****.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

16. Plaintiff re-alleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Line, Capital One negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the multiple charge-offs from the Errant Trade Line from Mrs. Belsanti's consumer credit report.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Belsanti's consumer credit file with Equifax to which it is reporting such trade line.

20. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mrs. Belsanti has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Capital One is liable to Mrs. Belsanti by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mrs. Belsanti has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

23. Plaintiff re-alleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax that Mrs. Belsanti disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper investigation of Mrs. Belsanti's dispute.

25. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mrs. Belsanti has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Capital One is liable to Mrs. Belsanti for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount

to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE**

28. Plaintiff re-alleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax and Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Lines, Chase negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. Chase negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the multiple charge-offs from the Errant Trade Lines from Mrs. Belsanti's consumer credit report.

31. The Errant Trade Lines are inaccurate and creating a misleading impression on Mrs. Belsanti's consumer credit file with Equifax and Trans Union to which it is reporting such trade lines.

32. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Mrs. Belsanti has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Chase is liable to Mrs. Belsanti by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Mrs. Belsanti has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Chase for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE**

35. Plaintiff re-alleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax and Trans Union that Mrs. Belsanti disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Mrs. Belsanti's dispute.

37. Chase willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of Chase's willful failure to perform its respective duties under the FCRA, Mrs. Belsanti has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. Chase is liable to Mrs. Belsanti for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Belsanti as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mrs. Belsanti that was false, misleading, and inaccurate.

9

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Belsanti, in violation of 15 USC 1681e(b).

44. After receiving Mrs. Belsanti's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Belsanti has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mrs. Belsanti by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

47. Plaintiff re-alleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Belsanti as that term is defined in 15 USC 1681a.

10

49. Such reports contained information about Mrs. Belsanti that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Belsanti, in violation of 15 USC 1681e(b).

51. After receiving the Plaintiff's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Belsanti has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Mrs. Belsanti by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

54. Plaintiff re-alleges the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Belsanti as that term is defined in 15 USC 1681a.

56. Such reports contained information about Mrs. Belsanti that was false, misleading, and inaccurate.

57. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Belsanti, in violation of 15 USC 1681e(b).

58. After receiving Mrs. Belsanti's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Belsanti has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Trans Union is liable to Mrs. Belsanti by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

61. Plaintiff re-alleges the above paragraphs as if recited verbatim.

62. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Belsanti as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mrs. Belsanti that was false, misleading, and inaccurate.

64. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Belsanti, in violation of 15 USC 1681e(b).

65. After receiving the Plaintiff's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Belsanti has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Trans Union is liable to Mrs. Belsanti by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 7, 2016                LAW OFFICES OF TRINETTE G. KENT

By: */s/  Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Leslie Belsanti